IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                                    Case No. 14-10157-1-JWB

NOE BELTRAN,

        Defendant.

**MEMORANDUM AND ORDER**

This matter is before the court on Defendant's motion for a reduction of his sentence under 18 U.S.C. § 3582(c)(2) and Amendment 821 to the Federal Sentencing Guidelines. (Doc. 126.) The motion is fully briefed and ripe for decision. (Doc. 126, 128.) The motion is denied for the reasons stated herein.

**I.**      **Facts**

On July 2, 2015, Defendant Noe Beltran pled guilty to Count 1 of the superseding indictment against him, which charged possession with intent to distribute a controlled substance (Methamphetamine) in violation of 21 U.S.C. §§ 841(a), 841(b)(1)(A), and 846. (Doc. 88, 116.) Defendant signed a plea agreement under Federal Rule of Criminal Procedure 11(c)(1)(C) for a 144-month sentence with five years of supervised release. (Doc. 108.)

According to the presentence report, Defendant received a two-level enhancement because officers discovered a Jimenz .380 caliber firearm with two magazines, and ammunition during a search of Defendant's residence. (Doc. 114 at 19, ¶ 76.) Additionally, Defendant had a criminal history score of one based upon a 2010 federal conviction in the United States District Court for the District of Arizona for illegal reentry. (*Id.* at 19–20, ¶ 88–90.) Based upon a total offense level

1

of 37 and a criminal history category of I, the defendant's guideline imprisonment range was calculated at 210-262 months. (*Id.* at 23, ¶ 113.) At his sentencing hearing on September 21, 2015, Defendant was sentenced to 144 months' imprisonment in accordance with the plea agreement. (Doc. 116 at 2.)

On March 14, 2024, Defendant filed a motion for appointment of counsel to help him file a motion for compassionate release. (Doc. 123.) The court denied the motion. (Doc. 125.) Defendant now moves to reduce his sentence on the basis that he meets the criteria of a "Zero-Point Offender" under the amended Federal Sentencing guidelines at U.S.S.G. § 4C1.1.

## II.     Analysis

"A district court does not have inherent authority to modify a previously imposed sentence; it may do so only pursuant to statutory authorization." *See United States v. Mendoza*, 118 F.3d 707, 709 (10th Cir. 1997). Section 3582 allows for a possible sentence reduction for a defendant "who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." *See* 18 U.S.C. § 3582(c)(2). The Sentencing Commission amended the United States Sentencing Guidelines effective November 1, 2023. *See* 88 Fed. Reg. 28,254, 2023 WL 3199918 (May 3, 2023). Subpart 1 of Part B of Amendment 821 creates a new guideline, § 4C1.1, that provides for a decrease of two offense levels for certain "Zero-Point Offenders."

To the extent that Defendant contends he is entitled to an adjustment in his offense level under Amendment 821 for certain zero-point offenders, he has failed to sufficiently show that he is entitled to such an adjustment. Defendant had at least one criminal history point from his 2010 federal conviction for illegal reentry. (Doc. 114 at 20, ¶ 90.) As a result, he is not a zero-point offender. *See* U.S.S.G. § 4C1.1(a)(1). Further, to be entitled to a downward adjustment, the

2

offense could not have involved the possession of a firearm.  *Id*. § 4C1.1(a)(7).  Therefore, Defendant is not entitled to an adjustment and Defendant's motion for a sentence reduction under § 3582(c)(2) on the basis that there is a change in the Sentencing Guidelines is denied.

## IV.     Conclusion

Therefore, Defendant's motion for early release from custody (Doc. 126) is DENIED.  IT IS SO ORDERED.  Dated this 9th day of June, 2025.

                                                                  s/ John W. Broomes               
                                                                JOHN W. BROOMES
                                                                UNITED STATES DISTRICT JUDGE